FILED 28 NOV '11 11:20 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TRACY CONDRON,

        Petitioner,        Civil No. 10-1456-TC

        v.        FINDINGS AND RECOMMENDATION

SHARON BLACKLETTER,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment dated May 13, 1996, from the Marion County Circuit Court after three convictions for Rape in the First Degree. Following a guilty plea, the trial court sentenced petitioner to consecutive 130 months terms of imprisonment.[1]

---

[1] Petitioner was also convicted of three counts of Sodomy in the First Degree, but the physical custody portion of those convictions is complete. In addition, petitioner is challenging a conviction for Kidnapping in the First Degree in a separate habeas proceeding, *Condron v. Blackletter*, U.S.D.C. No. 04-183-TC.

1 - FINDINGS AND RECOMMENDATION

Petitioner filed a notice of appeal on June 7, 2004, but the Oregon Court of Appeals dismissed the appeal as untimely. Exhibit 106. The appellate judgment issued on June 21, 2004. Id.

On November 29, 2004, petitioner filed a petition for post conviction relief, but the Umatilla County Circuit Court denied the petition as untimely. Exhibits 149 - 150. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibits 151 - 155.

Petitioner filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254 alleging he was denied effective assistance of trial counsel in violation of the Sixth Amendment. Petition (#1).

Respondent moves to deny relief and dismiss this proceeding on the ground that petitioner's petition was not filed within the time allowed by 28 U.S.C. § 2254. Response (#9) p. 1.

Petitioner concedes that his petition is untimely and argues that the statute of limitations should be equitably tolled because "during the time the statute of limitations was running, Mr. Condron was severely mentally ill." Reply (#16) p. 1-2. Specifically, petitioner argues that "the profound stress from the accusations underlying this prosecution and his untreated multiple personality disorder triggered dissociative amnesia. This prevented him from knowingly and intelligently responding to the allegations and, after his

2 - FINDINGS AND RECOMMENDATION

conviction from challenging it." *Id*.

The one year statute of limitations for filing a habeas corpus petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. <u>Bills v. Clark</u>, 628 F.3d 1096 (9th Cir. 2010)(*citing* <u>Holand v. Florida</u>, 560 U.S. __, 130 S.Ct. 2549 (2010)). To be entitled to equitable tolling, a petitioner must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S.Ct. At 2562 (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)).

A petitioner claiming equitable tolling must demonstrate a casual connection between the alleged extraordinary circumstance and the failure to timely file the petition, by showing that the extraordinary circumstance made it "impossible" for the petitioner to timely file the petition. *Bills*, 628 F.3d at 1100-1101 & n. 3; <u>Bryant v. Arizona Atty. General</u>, 499 F.3d 1056, 1061 (9th Cir. 2007).

In <u>Calderon v. United States</u>, the court acknowledged a "habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control" to justify equitable tolling pending a competency hearing. 163 F.3d 530, 541 (9th Cir. 1998), *rev'd on other grounds by Woodford v Garceau*, 538 U.S. 202 (2003)9regarding AEDPA's effective date).

In *Bills*, the Ninth Circuit held that eligibility for

3 - FINDINGS AND RECOMMENDATION

equitable tolling due to mental impairment requires the petitioner to meet a two part test:

> (1) *First*, a petitioner must show his mental impairment was an 'extraordinary circumstance' beyond his control, see Holland, 130 S.Ct. At 2562, by demonstrating the impairment was so severe that either
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonable access to assistance. *See id.*

*Bills*, 628 F.3d at 1100.

The date of the convictions petitioner challenges in this proceeding is May 13, 1996, Exhibit 101. Even though petitioner did not directly appeal his convictions,[2] pursuant to ORS 19.255(1) he had 30 days from the entry of the judgment to do so. Therefore for purposes of calculating the limitations period, an additional 30 days should be added to the date of the trial court judgments.[3]

---

[2] As indicated below, it is more accurate to state that petitioner did not *timely* appeal his convictions.

[3] In *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999), the Court held that criminal convictions are not final until the time has elapsed for seeking a writ of *certorari* in the U.S. Supreme Court. In this case, however, petitioner could not have sought *certorari* in the U.S. Supreme Court because he did not first petition the Oregon appellate court. Thus, he is not entitled to the extra 90 days that habeas petitioners have to seek certorari in the U.S. Supreme Court when they have properly presented federal claims to the state's appellate courts.

4 - FINDINGS AND RECOMMENDATION

Thus petitioner had one year from June 13, 1996, excluding any time during which a state post-conviction, or other collateral remedy, was pending to file his federal habeas corpus petition. 28 U.S.C. §2244(d).

Petitioner filed a notice of appeal on June 7, 2004, but the Oregon Court of Appeals dismissed it as untimely and issued the appellate judgment on June 24, 2004. However, petitioner filed the notice of appeal outside the limitations period provided in ORS 19.255(1), which requires that appeals be filed no later than 30 days after the entry of the judgment. Thus, under Pace v. DiGuglielmo, supra, the notice was not "properly filed" and did not toll the federal limitations period.

Petitioner filed a petition for post-conviction relief on November 29, 2004, but the court dismissed the petition as time-barred, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. The appellate judgment issued on December 16, 2009. However, petitioner filed the petition outside the limitations period provided in ORS 138.510(3)(b), which requires a petition for post-conviction to be filed within two years of the date of the appellate judgment in the criminal proceeding. Therefore, under Pace v. DiGuglielmo, the petition was not "properly filed" and did not toll the federal limitations period.

June 13, 1996, the latest day on which petitioner could have filed a (timely) notice of appeal with the Oregon Court

5 - FINDINGS AND RECOMMENDATION

of Appeals, is the starting date for the one year statute of limitations. However, the medical records submitted by petitioner do not show that he had a mental impairment that rendered him unable to file for PCR or federal habeas corpus between June 13, 1996 and June 13, 1997. The closest psychiatric evaluation to that date is the evaluation by Dr. Suckow on January 7, 1996. Exhibit 123. Dr. Suckow concluded that petitioner was able to aid and assist in his own defense and participate in courtroom proceedings. *Id.*, p. 2. His records from the prison note in October 12, 2000, that petitioner had a history of bipolar disorder, but the disorder was "in remission for [the] past 5-6 years." Exhibit 138 at 4. The records make no note of dissociative amnesia or any other condition that would prevent timely filing.

Petitioner's Reply (#16) focuses on a diagnosis of multiple personality disorder, but he does not present any medical records concerning that disorder after 1992. *See* Exhibit 138. The records from the prison note on May 24, 2004, that petitioner identifies himself as having a multiple personality disorder, but state that no psychological symptoms are present. *Id.*, p. 7.

I find that petitioner has not met his burden of establishing that a mental disorder caused his failure to timely file between June 13, 1996 and June 13, 1997.

Assuming that petitioner's mental impairment was sufficiently severe to equitably toll the statute of

6 - FINDINGS AND RECOMMENDATION

limitations for some portion of the 5,282 days between June 13, 1996 (the last day on which petitioner could have filed a (timely) notice of Appeal in the Oregon Court of Appeals) and November 29, 2010 (the date he filed the petition in this case), the following analysis applies.

In order for petitioner's petition to be considered timely filed, he must establish that (except for 365 days) during that time period, his mental impairment made it "impossible"[4] to file his federal petition *and* that he was diligent in pursuing his claims to the extent he could understand them but that his mental impairment made it impossible to meet the filing deadline. *Bills v. Clark, supra*. If at any time during any 365 not-necessarily-consecutive days during the time period from June 13, 1996 and November 29, 2010, petitioner's impairment was not such that it made it impossible for him to file and he did not diligently pursue his claims, his petition in this case is time barred.

Petitioner contends that during the "first four or five years" after his incarceration in 1996, he suffered from dissociative amnesia. Reply (#16) p. 3; Exhibit 147 p. 2. Petitioner also references medical records starting in March,

---

[4]But see Harris v. Carter, 515 F.3d 1051, 1055 n. 5 (9th Cir. 2008) ("Despite the unequivocal 'impossibility' language in our standard, we have not insisted that it be literally impossible for a petitioner to file a federal habeas petition on time as a condition of granting equitable tolling. We have granted equitable tolling in circumstances where it would have technically been possible for a petitioner to file a petition, but a prisoner would have likely been unable to do so.")

7 - FINDINGS AND RECOMMENDATION

1991, showing that he has a long history of mental illness. He further notes that prison records do not indicate that he received any treatment from 1997 to 1998. Reply (#16) p. 8. Petitioner argues that these facts establish that he was unable to file for federal habeas corpus relief during the limitations period.

Even if petitioner's mental impairment made it impossible for him to file his federal petition during the first "four or five years" of his incarceration - 1996 - 2001, he did not file his delayed notice of appeal until November 29, 2004, approximately 2 years later. Therefore, even if the statute is tolled for 5 years from the date of his judgment of conviction, it is still time barred.

Moreover, the evidence shows that petitioner could have filed for habeas corpus relief during the time period he claims to have been incapable of doing so. Petitioner filed a PCR petition in another case on September 1, 1998. Exhibit 156. He fully participated in the PCR litigation, testifying both at a deposition taken on May 10, 1999 (Exhibit 157), and at the trial that was held on May 20, 2001. Exhibit 158. The transcripts of both the deposition and the trial reveal that petitioner's testimony was thoughtful and cogent. Petitioner's participation in the other PCR proceeding contradicts his declaration that for the first four to five years after his incarceration he suffered from a mental disorder which prevented him from proceeding in a post-conviction proceeding

8 - FINDINGS AND RECOMMENDATION

in this case.

In <u>Gatston v. Palmer</u>, the Ninth Circuit found that the district court properly rejected an equitable tolling argument that the petitioner was physically and mentally incapable of filing the petition on time where there was evidence that the petitioner "was capable of preparing and filing state court petitions." 417 F.3d 1030, 1034-35 (9th Cir. 2005), see also, <u>Walker v. Belleque</u>, 2009 WL 3305789, *2 (D. Or. Oct. 13, 2009); <u>Ossenkop v. Hoefel</u>, 2006 WL 367866, *3 (D. Or. Feb. 14, 2006).

Petitioner filed his PCR petition in Umatilla County Case No. CV980956 on September 1, 1998, and participated in that case through the trial on May 20, 2001. That time period represents 973 days during which petitioner's mental impairments were not so disabling so as to make it impossible for him to timely file, and during which he did not diligently pursue, his claims in this case.

The record reflects that petitioner has a history of mental illness, and at some times may have been sufficiently impaired by his mental disorder to justify a tolling of the statute of limitations. However, is undisputed that for the 2 ½ year period during which petitioner was litigating his other PCR case, his mental impairment did not make it impossible for him to pursue his claims in this proceeding and he was not diligent in doing so.

Based on the foregoing, petitioner's Petition (#1) should

be denied.

Alternatively, petitioner requests that this court conduct an evidentiary hearing on the subject of whether "the debilitating effects of [petitioner's] Multiple Personality Disorder ... support([s] equitable tolling." Reply (#16) p. 18.

For the reasons discussed above, petitioner's request for an evidentiary hearing should be denied. I find that the fact that petitioner fully litigated an unrelated PCR case within the time period that he argues should be tolled due to his mental impairment, is sufficient to establish that his impairment did not make it impossible for him to file on time and that he did not diligently pursue his claims.

Petitioner's Petitioner (#1) should be denied. Petitioner's request for an evidentiary hearing should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual

10 - FINDINGS AND RECOMMENDATION

determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 28 day of November, 2011.

_____
Thomas M. Coffin
United States Magistrate Judge